# IN THE COURT OF APPEALS OF IOWA

No. 18-1236
Filed December 5, 2018

**IN THE INTEREST OF Z.R.,**
**Minor Child,**

**S.R., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Page County, Amy Zacharias, District Associate Judge.

The mother appeals the termination of her parental rights. **AFFIRMED.**

C. Kenneth Whitacre, Glenwood, for appellant mother.

Thomas J. Miller, Attorney General, and John McCormally, Assistant Attorney General, for appellee State.

Vicki Danley, Sidney, guardian ad litem for minor child.

Considered by Danilson, C.J., and Potterfield and Doyle, JJ.

**POTTERFIELD, Judge.**

The State filed a petition to terminate the mother's parental rights to her child, Z.R., pursuant to Iowa Code section 232.116(1)(a), (b), (e), and (f) (2018). Following a hearing on the petition, the juvenile court determined there was insufficient evidence to support termination under subsections (a), (b), and (e). The only ground upon which the court terminated the mother's parental rights is subsection (f), which allows the court to terminate if it finds all of the following:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

On appeal, the mother challenges whether the State established the mother failed to maintain significant and meaningful contact with Z.R. during the six months preceding the termination hearing and whether the mother was given the opportunity to resume care of Z.R. But that element is a part of section 232.116(1)(e) rather than section 232.116(1)(f). *Compare* Iowa Code § 232.116(1)(e)(3) ("There is clear and convincing evidence that the parents have not maintained significant and meaningful contact with the child during the previous six consecutive months and have made no reasonable efforts to resume care of the child despite being given the opportunity to do so."), *with* Iowa Code § 232.116(1)(f)(1)–(4). The mother has not challenged any of the juvenile court's findings or conclusions concerning subsection (f). Therefore, any alleged error is

waived.  *See* Iowa R. App. P. 6.903(2)(g)(3).  The mother raises no other issues or arguments relating to the termination of her parental rights.  *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (outlining the three-step analysis used in chapter 232 terminations but declining to discuss a step not raised by the parent on appeal). We affirm.

**AFFIRMED.**